**Record No. 24-1271**

In The

# United States Court of Appeals
FOR THE FOURTH CIRCUIT

KRISTEN BARNETT,

*Appellant,*

v.

INOVA HEALTH CARE SERVICES,

*Appellee.*

On Appeal from the United States District Court
for the Eastern District of Virginia in Case No. 1:23-cv-1638-MSN-WEF

Appellee's Response to Appellant Kristen Barnett's
Motion for Enlargement of Time and Amendment of
Briefing Schedule

Alexander P. Berg
Lauren M. Bridenbaugh
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA 22102
Telephone: 703.442.8425
Facsimile: 703.442.8428
aberg@littler.com
lbridenbaugh@littler.com

Nancy North Delogu
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, DC 20006.4046
Telephone: 202.842.3400
Facsimile: 202.842.0011
nndelogu@littler.com

*Counsel for Appellee
Inova Health Care Services*

In response to the Clerk's April 15, 2024 Request (Dkt. 12), and pursuant to Rule 27(a)(3) of the Federal Rules of Appellate Procedure and Rule 27(d) of this Court's Local Rules, Appellee Inova Health Care Services ("Appellee" or "Inova") submits this response to the Motion for Enlargement of Time and Amendment of Briefing Schedule ("Appellant's Motion") (Dkt. 6) filed by Appellant Kristen Barnett ("Appellant" or "Ms. Barnett") and states as follows:

1. As Ms. Barnett notes, this Court entered a briefing order on April 1, 2024 (the "Briefing Order"). Dkt. 3. As relevant here, the Briefing Order gave Ms. Barnett six (6) weeks (until May 13, 2024) to submit her opening merits brief. Inova then has four (4) weeks to submit a response brief, with Ms. Barnett having two (2) weeks for a reply. *See id.*

2. Local Rule 31(c) states that "[e]xtensions [to a briefing schedule] will be granted only when extraordinary circumstances exist." 4th Cir. Local R. 31(c). Consistent with this Court's reluctance to extend a briefing schedule, "[t]he Court discourages these motions and may deny the motion entirely or grant a lesser period of time than the time requested." *Id.*

3. Respectfully, Appellant has failed to meet her burden of showing that extraordinary circumstances exist to justify an extension of the briefing schedule. Indeed, to the extent there is anything extraordinary about Appellant's Motion, it is Appellant's misrepresentation of the record and non-compliance with the rules in

1

several ways. Specifically:

    a.    Appellant falsely states that her motion for "an enlargement of 30 days and a corresponding amendment of the briefing schedule" is filed "without opposition." Dkt. 6 at 2. To the contrary, and as Appellant subsequently acknowledges, when she contacted Inova about her Motion, Inova "did not consent to this motion." Appellant's Mot. at ¶ 9 (emphasis omitted).

    b.    Prior to filing Appellant's Motion, the sole and exclusive reason for an extension Appellant's counsel proffered to Inova's counsel was that the Virginia Office of the Attorney General ("OAG") purportedly "want[s] to participate as an *amicus curiae*," but "will not be able to generate their brief by the currently-pending deadline in May[.]" **Exhibit 1**: Apr. 9, 2024 Email and Attachment; *see also* Appellant's Mot. at ¶¶ 2-5 (similar). Thus, Appellant's counsel claimed, the OAG "asked [Appellant's counsel] if [they] could request an enlargement of 30 days[.]" Exhibit 1. Notably, Appellant's counsel did ***not*** include any OAG representative on these communications or otherwise identify who at the OAG contacted Appellant's counsel, nor has Inova's counsel been contacted by any OAG representative as of the date of filing this response about any intent to participate or purported need for an extension.

    c.    Inova's counsel expressly asked Appellant's counsel "[i]f there are independent reasons why you and your Bosson Legal Group colleagues believe

2

a modification to the briefing schedule is needed[,]" but Appellant's counsel never provided any such reason. See **Exhibit 2**: Apr. 9-10, 2024 Email Chain. In other words, the reasons offered by Appellant's counsel in Paragraph 6 of Appellant's Motion were never communicated to Inova when seeking its consent to an enlargement of time. This failure to communicate by Appellant's counsel runs counter to the intent and spirit of Local Rule 27(a)'s pre-filing conferral requirement for motions before this Court.

        d.    Inova objected to Appellant's extension request because any extension request by OAG necessarily must be made *by OAG*—not Appellant's counsel. Indeed, as Inova's counsel informed Appellant's counsel, "such a request should be made directly to the Court by OAG itself and in accordance with Fed. R. App. P. 29." Exhibit 2. Rule 29 of the Federal Rules of Appellate Procedure confirms that Appellant's assertion that any *amicus* brief by OAG "would be due concurrent with the filing deadline of Appellant's opening brief" is wrong. Appellant's Mot. at ¶ 3. Rather, "[a]n amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). Thus, even assuming that OAG wishes to support Appellant's position, as Appellant's counsel asserts, its *amicus* brief is currently due on May 20, 2024. See *id.*; Dkt. 3. In other words, even in the absence of a modification to the briefing schedule, OAG would have seven (7) days longer than Appellant's May 13,

3

2024 deadline to file an *amicus* brief. *Cf.* Local Rule 31(c) ("The Court . . . may deny the motion [for an extension] entirely or grant a lesser period of time than the time requested.").

4. The one-sentence justification that Appellant's counsel now advances in support of Appellant's request for an extension is insufficient to demonstrate extraordinary circumstances. *See* Appellant's Mot. at ¶ 6. As explained above, Ms. Barnett has six (6) weeks to file her opening brief, so the other obligations that Messrs. Bosson and Kalinowski have for "the latter weeks of April" mean that each will still have four (4) weeks, *i.e.*, the same amount of time that Inova has for its response brief, to participate in the preparation of Ms. Barnett's opening brief. *Id.* Given that this appeal arises from a motion to dismiss, in which the district court record consists merely of the Complaint, the exhibits attached thereto by Appellant's counsel, and a handful of other documents integral to the Complaint, four weeks appears to be ample time for Appellant's counsel to prepare and submit an opening brief.

WHEREFORE, for the foregoing reasons, and due to the lack of extraordinary circumstances demonstrated by Appellant, Inova respectfully requests that Appellant's Motion be denied.

4

Dated: April 25, 2024				Respectfully submitted,

*/s/ Nancy N. Delogu*
Nancy N. Delogu
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, DC  20006.4046
Telephone:	202.842.3400
Facsimile:	202.842.0011
nndelogu@littler.com

Alexander P. Berg
Lauren M. Bridenbaugh
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA 22102
Telephone:	703.442.8425
Facsimile:	703.442.8428
aberg@littler.com
lbridenbaugh@littler.com

*Counsel for Appellee*
*Inova Health Care Services*

5

## CERTIFICATE OF COMPLIANCE

1. This response complies with the page limitation of Fed. R. App. P. 27(d)(2)(B) because this response contains 923 words.

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), as applicable under Fed. R. App. P. 27(d)(1)(E), because this brief has been prepared in a proportionally spaced typeface using in Times New Roman 14-point font.

*/s/ Nancy N. Delogu*
Nancy N. Delogu

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2024, a true and correct copy of the foregoing Appellee's Response to Appellant Kristen Barnett's Motion for Enlargement of Time and Amendment of Briefing Schedule was filed electronically with the U.S. Court of Appeals for the Fourth Circuit, which will send a notice of the filing to all counsel of record.

*/s/ Nancy N. Delogu*
Nancy N. Delogu
